[Sac. No. 157.    Department Two.—May 27, 1897.]

RECLAMATION DISTRICT NO. 551, RESPONDENT, *v.* SOL RUNYON ET AL., DEFENDANTS.    P. J. VAN LOBEN SELS, APPELLANT.

RECLAMATION DISTRICT — ACTION TO DETERMINE VALIDITY OF ASSESSMENT — PROCEEDING QUASI IN REM — CONSULAR PRIVILEGE NO DEFENSE.—An action brought by a reclamation district, under section 5493½ of the Political Code, to determine the validity of an assessment levied for purposes of reclamation is not an action *in personam*, and, though not in strictness a proceeding *in rem*, partakes rather of its nature, being designed to test the legal perfection of the assessment, and to give the property owner an opportunity to present his objections to its validity, at a hearing in advance of an action upon the assessment, and is a process of law, forming one of the steps by which the lien of the tax is fixed upon the property in the district; and, such being the nature of the action, a defendant owning property in the district, who is a consul of a foreign nation, cannot plead his consular privilege in bar of the proceeding.

ID.—BASIS OF ASSESSMENT—REPORT OF ENGINEER.—The report of an engineer, containing not alone a general and comprehensive, but also a detailed, statement of the character and amount of ditch work to be done, with estimates of the cost thereof, and also of the cost of a proposed pumping plant, is sufficient to serve as a basis for an assessment.

ID.—EVIDENCE—UNFAIR ASSESSMENT—DISPROPORTION TO BENEFITS. — A property owner has the right to make any legal proof to show an unfair and illegal assessment whereby his lands were not benefited to the amount of the lien sought to be fixed upon them; and it is error to refuse to permit evidence in his behalf showing that his land was wholly reclaimed, and in a state of cultivation, and that it had been assessed at a much higher rate than unreclaimed lands similarly situated, and of the same level; and that portions of his lands used for roads and ditches had been assessed at the same rate as his other lands, while the lands of other owners within the district subjected to like uses had been entirely relieved from assessment.

APPEAL from a judgment of the Superior Court of Sacramento County and from an order denying a new trial.   A. P. CATLIN, Judge.

The facts are stated in the opinion of the court.

*Warren Olney*, for Appellant.

*W. A. Gett, Jr.*, for Respondent.

HENSHAW, J.—Plaintiff instituted this proceeding as contemplated by section 5493½ of the Political Code, seeking a determination of the validity of an assessment which it had caused to be levied for purposes of reclamation.   Summons was served upon all the property owners in the district.   They suffered default, saving the defendant Van Loben Sels, who appeared and contested.   From the judgment, which was adverse to his contention, and from the order denying a new trial, he prosecutes these appeals.

1. It is first insisted that plaintiff is not legally organized.   The argument here is precisely that pressed upon our consideration in *People* v. *Reclamation District No. 551, ante*, p. 114, adversely to appellant's views.

2. Defendant is consul of the republic of Paraguay, and has pleaded his consular privileges in bar of this proceeding.   We need not stop to decide whether, under the amendment of 1875 to the Federal Judicature Act, the courts of a state may take jurisdiction of actions *in personam* against consuls of a foreign country.   That question is now under consideration by this court in Bank, and its decision need not be anticipated.   For this proceeding is not an action *in personam*, and, while it is not in strictness a proceeding *in rem* either, it partakes rather of the nature of the latter.   It is designed as one of the processes to test the legal perfection of an assessment levied by a reclamation district.   The property owner is entitled to a hearing at one time or another upon the question of benefits.   (*Reclamation Dist.* v. *Evans*, 61 Cal. 104; *Reclamation Dist.* v. *Phillips*, 108

Cal. 306; *Hagar* v. *Reclamation Dist.*, 111 U. S. 701.)
Before the passage of section 3493½ of the Political Code
he made his showing when action was brought to en-
force the assessment. But to obviate difficulties and
delays which thus arose, this peculiar proceeding was
established. By it is provided a forum before which a
property owner may go and make full proof of his ob-
jections to the assessment. The final determination of
the court upon the matter may be used by or against
him in any future action to collect the tax. Thus it
gives the property owner the hearing to which he is en-
titled, but provides that such hearing may take place in
advance of an action upon the assessment. It is, then,
a process of law forming one of the steps by which the
lien of the tax is fixed upon property. We entertain no
doubt that a foreign consul may be bound by all legal
processes and proceedings in state courts having this
end in view. No more responsibility attaches to the
person of the consul in such a proceeding than arises
in an action to enforce the assessment, or than is occa-
sioned by his appearance before a county board for the
equalization of his assessment for purposes of state and
county taxation. We conclude that the plea of con-
sular privilege is not well taken.

3. The law contemplates the employment by the trus-
tees of a reclamation district of a competent engineer to
survey, plan, locate, and estimate the cost of the works
necessary for reclamation. These plans and estimates,
as approved by the trustees, are reported to the super-
visors, and upon them the assessment follows. Appel-
lant contends that in the plans and report of the
engineer employed in this instance the ditches and
pumping plant are not located, and that, therefore, the
assessment is invalid. The engineer's report is quite
elaborate, and contains, not alone a general and com-
prehensive, but also a detailed statement of the char-
acter and amount of ditch work to be done, with
estimates of the cost thereof, and also of the cost of the
proposed pumping plant. We think the report is suffi-

cient in these respects to serve as a basis for the assessment.

4. The appellant made offer to prove, and asked of the witnesses questions tending to prove, that his land was wholly reclaimed, and had been provided, at his own expense, with a suitable pumping plant and drainage facilities; that a thousand acres of it were in fruit-bearing trees, and other large portions planted to potatoes and other vegetables. He sought further to show that all of his land had been assessed for nearly twenty dollars per acre, while other lands similarly situated, and of the same level, but unreclaimed, had been assessed for only eleven dollars per acre. He also attempted to prove that portions of his lands used for roads, and portions used for ditches, had been assessed for about twenty dollars an acre, while the lands of other owners within the district subjected to like uses had been entirely relieved from assessment.

To all of appellant's efforts in this direction objection was interposed and sustained by the court. The theory upon which the case was tried is sufficiently indicated by the objections of counsel at an early stage of the trial: "We might as well cut this short here as anywhere else. The object of this is apparent. It is to impeach the assessment made by these commissioners, and your honor knows it has been held repeatedly it cannot be done." And again: "The object of this is unquestionably to impeach the assessment. Here is the most extreme case that has ever been decided in the state of California, and it is the last, I think, on that proposition, and is to this effect—the case of *People* v. *Hager*, 66 Cal. 59. It has been held from that time up to the present time that parties are not permitted to show anything in the world that tends to impeach the judgment of the commissioners in the assessment."

This view receives some countenance, it is true, from the case to which counsel directed the court's attention; but in the case of *Reclamation Dist.* v. *Phillips, supra,*

the question was elaborately considered, the authorities extensively reviewed, and the conclusion expressed, with which the whole court was in accord, that a property owner was within his undoubted right in making any legal proof to show an unfair and illegal assessment whereby his lands were not benefited to the amount of the lien sought to be fixed upon them.

For this reason the judgment and order are reversed, and the cause remanded.

McFARLAND, J., and TEMPLE, J., concurred.

Hearing in Bank denied.