[Sac. No. 491.   In Bank.—September 4, 1900.]

## RECLAMATION DISTRICT No. 108, Respondent, v. W. H. .WEST, Appellant.

RECLAMATION DISTRICT—ASSESSMENT NOT PROPORTIONED TO BENEFITS.— An assessment by a reclamation district must be made in proportion to the benefits which will result to the land assessed from the works upon which the money raised thereby is to be expended.  An assessment of all the reclaimable lands of the district equally for the construction and maintenance of works, which cannot result in the reclamation of more than one-half of the lands of the district, is unjust, and not permissible under the reclamation law.

ID.—"BENEFITS" TO BE CONSIDERED.—The "benefits" which are to be taken into account by the commissioners in apportioning the charge or assessment are those benefits only which spring from the system of works which such assessment is levied to construct or maintain.

ID.—APPORTIONMENT OF BENEFITS FROM LEVEE—PROTECTION OF PART OF DISTRICT—PROSPECTIVE WORKS ELSEWHERE.—In apportioning the benefits to result from the construction and maintenance of a levee along a river, which has effected the reclamation of part only of the lands of the district, prospective benefits to be derived from another prospective system of works necessary to be constructed elsewhere in the future to protect the remainder of the reclaimable lands from overflow of waters from the hills cannot be considered, notwithstanding the levee system is beneficial, when taken in connection with such prospective system of works, to reclaim such lands.   [McFarland, J., dissenting.]

APPEAL from a judgment of the Superior Court of Colusa County and from an order denying a new trial.   H. M. Albery, Judge.

The facts are stated in the opinion.

E. A. Bridgford, for Appellant.

Adams & Adams, and E. T. Crane, for Respondent.

GRAY, C.—This action was brought to compel the defendant to pay assessment No. 16, levied on his land in 1896, for reclamation purposes.   Plaintiff had judgment declaring the amount of the assessment to be a lien on said land and direct-

ing that the same be sold to satisfy said lien and costs. From this judgment and from an order denying him a new trial the defendant appeals.

The reclamation district, plaintiff, was formed in 1870, and embraces some seventy thousand acres of land lying to the west of the Sacramento river in Yolo and Colusa counties, and extending from Knight's Landing up said river about eighteen miles in length, and of an average width of about six miles. The lands of the district lie in the form of a basin, and about all of them are subject to overflow, in the season of high water, from the Sacramento river on the east. The lower half of the district is generally subject to inundation during the cropping season from streams having their sources in the mountains to the west and northwest. The reclamation works of the plaintiff, as originally planned and constructed, consist of a levee on or near the eastern boundary of the district, and bulkheads in the sloughs where they connect with the Sacramento river. Said works along the river have the effect to protect the lands of the district from the waters of that stream, but there is no protection from the waters on the other side, and no plans have been adopted by the district to reclaim its lands from such waters. Sixteen assessments have been levied during the history of the district—all of them for the construction and maintenance of the existing system of works. The land of defendant consists of four hundred and seventy-three acres lying in the basin below the thirty-foot contour line, and is a part of the thirty-five thousand acres subject to overflow from the streams mentioned as having their sources in the mountains to the west and northwest. It is of first-class quality, and would be exceedingly productive if the water were kept off; but owing to the fact that it has been inundated during the cropping season of almost every year since the organization of the district, it has produced little or nothing. The findings show, and it seems to be conceded, that the present system of reclamation works is inadequate to reclaim the lands of defendant or any other lands lying below the thirty-foot contour line. Said system is adequate, however, to reclaim all those lands that need reclaiming above said line. The assessment here in controversy was levied for the purpose of defraying the expense of re-

pairing and maintaining said works along the Sacramento river, and the total amount of said assessment was ninety thousand dollars, of which six hundred and thirty-one dollars and fifty-six cents was assessed against defendant's land. The evidence shows that four thousand five hundred and ninety-seven acres of land of the district were not assessed at all, the reason assigned therefor by the commissioners appointed to assess the lands being that a portion of it was so high that it needed no reclamation, and the rest was so alkaline in character as to be nonproductive and worthless under any and all circumstances. All the lands of the district other than said four thousand five hundred and ninety-seven acres were assessed at about one dollar and thirty-three and one-half cents per acre, varying only from one-half cent to one cent per acre, the lands below the thirty-foot contour line all being assessed at the maximum rate. The foregoing are the undisputed facts of the case.

In this action the defendant resists the enforcement of the assessment levied against his land on the ground, among others, that said assessment on the various tracts of land in the district was not fixed in proportion to the benefits to be derived from the works upon which the moneys arising from said assessment were to be used; and particularly that his own land is assessed proportionately at a sum much greater than any benefits they have derived or can derive from the work done and to be done. Section 3456 of the Political Code provides that three commissioners shall be appointed, and that they "must view and assess upon the lands situated within the district a charge proportionate to the whole expense and to the benefits which will result from such works, and estimate it in gold and silver coin of the United States."

It is obviously unjust to assess all the lands of the district equally for the construction and maintenance of works which it is demonstrated can result in the reclamation of no more than half of said lands, and it was not intended by the framers of the reclamation law that any such thing should be done. (*Lower Kings River etc. Dist. v. Phillips,* 108 Cal. 306; *Reclamation Dist. etc. v. Sels,* 117 Cal. 164.) The district now contends that the present works along the river will, in connection with other works to be constructed in the future for the protection of

the district from the west side waters, result in great benefit to the lands of defendant, and it seems to have been upon this theory that the commission made the assessment so nearly equal on all the lands assessed. Prospective benefits from prospective works are like prospective damages, difficult to estimate. But it is not difficult to see that such benefits are not equal in present value to actual benefits, already in sight, derived, and to be derived, from works already constructed. The "benefits" which are to be taken into account by the commissioners in apportioning the charge or assessment are those benefits only which spring from the system of works which such assessment is levied to construct or maintain.

It seems that the commissioners proceeded upon a wrong theory in apportioning the assessment. The benefits to defendant's land, from the present system of works, cannot be equal to benefits to lands which such works operate to reclaim, and which are shown to be of fairly good quality when so reclaimed. We therefore say that the allegation of the complaint to the effect that the lands of the district were assessed proportionate to the benefits which would and will result from the work of reclamation, and the finding of the truth of such allegation, is not supported by the evidence.

As the foregoing reasons are decisive of the case, it is unnecessary to consider the other points presented by counsel.

We advise that the judgment and order be reversed.

Cooper, C., and Smith, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are reversed.

Harrison, J.,   Henshaw, J.,
Temple, J.,    Van Dyke, J.,
Beatty, C. J.

McFARLAND, J., dissenting.—I dissent. The main contention of appellant is that his land has been assessed while it has received no benefits. This contention is based upon the following general facts: District No. 108 is one of the largest reclamation districts in the state, and includes about seventy thousand acres of land. It is bounded on the east by the Sac-

ramento river, and on the west by the slope of the plains up
toward a range of hills which skirt that side of the Sacramento
valley. It runs north and south from Knight's Landing, in
Yolo county, on the south to the Sycamore slough in Colusa
county. The district was organized more than twenty-five
years before the commencement of this action. The main and
most pressing source of overflow was, undoubtedly, the Sacra-
mento river; and the main work to be done was the leveeing of
the west bank of the river and the filling up along the bank of
certain sloughs which flowed out from it. All the actual work
which had been done before the commencement of this suit was
on and along the said west bank of the river, and in establish-
ing pumping plants. Great difficulty had been experienced in
maintaining this levee so as to prevent any flow of water from
the river into the district. Despite all efforts to prevent it,
the river for many years frequently broke through the levee at
places and inundated the district. It was only a year or two
before the commencement of this suit that the levee was per-
fected so as to prevent any water flowing out from the river.
On the western side of the district there are creeks and de-
pressions which are usually dry, but which in the rainy season
frequently carried considerable water; but before the river levee
had been made perfectly secure it was supposed that the water
which flooded the district came entirely from the river, and
that the water which came from the western hills was so ab-
sorbed by the soil which had been dried out during the long
summers that it would not materially affect any of the lands
in the district. But after the water of the river had been
entirely prevented from flowing out it was then discovered that
the water from the western hills did actually flow upon the
land of respondent and others, so as to make it unfit for culti-
vation notwithstanding the water from the river had been ex-
cluded. It is quite clear from the evidence that injury from
the western waters was not known or anticipated until after
the flow from the river had been completely stopped. After
that the commissioners commenced to have surveys made for
the purpose of erecting works to protect against the hill waters;
but at the time the assessment here in question was levied the
appellant's land was not protected from the said last-mentioned
waters. And appellant contends that upon this state of facts

his lands had not been benefited by the work theretofore done by the district, and that therefore the assessment is invalid. I do not think, however, that this contention can be maintained. Of course, in a district like the one here in question, and indeed in any district, all the work necessary to a complete reclamation cannot be done at once; and, if no assessment could be levied and enforced until the reclamation was complete, no district could be maintained or made to serve the purposes intended. The law contemplates a gradual progression of the work, looking to final complete protection and prospective benefits to be enjoyed after the reclamation shall have been perfected, and, with that end in view, provides for additional assessments. Moreover, as there is, at the start, more or less uncertainty as to what will be necessary to accomplish the complete reclamation, it is provided, not only that the original plans may be modified, but that, when necessary, new and additional plans may be adopted. By section 3456 of the Political Code power is given to make assessments proportionate to the whole expense "and to the benefits which will result from such works"; and by section 3454 the board is given power, in its discretion, to modify or change such original plan or plans, or to adopt new, supplemental, or additional plan or plans, when, in its judgment the same shall have become necessary. In the case at bar the assessment in question was for work done as hereinbefore stated; and, in view of the provisions of the law above referred to, appellant is not in a position to deny that benefits to his land "will result from such works." We are not called upon to say what consequences would follow if no further works were contemplated, or if no such works should be commenced or prosecuted to completion within a reasonable time; such a condition of affairs does not appear here. And as appellant frequently asked witnesses if his lands would be benefited if the works should stop just where they now are, it was not error to allow respondent to show the facts, as above stated, about the waters on the west line of the district, the intention to construct works to protect against such waters, and the initiatory steps taken for that purpose.

The assessment is not invalid because certain lands in the district were not assessed. The commissioners found that

these were alkali lands and of no value, and that the reclamation works would be of no benefit to them; and the evidence supports this conclusion. This matter was definitely settled against appellant's contention in *Reclamation Dist. No. 3 v. Goldman,* 65 Cal. 635, and *Lower Kings River etc. Dist. v. Phillips,* 108 Cal. 306.

I do not think that there are any other grounds for reversing the judgment, and think that it should be affirmed.

Rehearing denied.