[Sac. No. 1727.  In Bank.—November 23, 1909.]

## SWAMP LAND RECLAMATION DISTRICT No. 341, Respondent, v. CAROLINE R. BLUMENBERG et al., Appellants.

RECLAMATION DISTRICT—DETERMINATION OF VALIDITY OF ASSESSMENT.—Prior to the enactment, in 1893, of section 3493½ of the Political Code, there was no proceeding authorized by which the validity of an assessment by a reclamation district could be judicially determined in advance of a suit for the foreclosure of the lien of the assessment.

ID.—ACTION TO ENFORCE ASSESSMENT—DEFENSES TO VALIDITY.—Prior to the enactment of that section, the action of the assessment board in making the assessment, although in all respects regular, did not preclude the landowner from contesting its validity in defense to an action to foreclose the lien, and in such suit he could show that his land was not benefited by the work to be done, or that the cost was not assessed in proportion to benefits, or any other objection to the collection of the assessment sufficient to render it invalid.

ID.—ACTION TO DETERMINE VALIDITY—FINAL JUDGMENT ESTABLISHING VALIDITY—ESTOPPEL TO SET UP PRIOR DEFENSES.—After a judgment determining the validity of an assessment has become final, in an action brought for that purpose, under section 3493½ of the Political Code, a landowner cannot, upon a foreclosure suit to enforce the lien, again object that his land would not have been benefited had the work been done as contemplated, or that the assessment was not in proportion to benefits, or make any objection to the collection of the assessment which he might have urged in the statutory action to test its validity.

ID.—OPPORTUNITY TO SET UP DEFENSE OF FAILURE OF CONSIDERATION FOR ASSESSMENT—FAILURE OF DISTRICT TO DO WORK INTENDED.—

Where an assessment is levied to cover the cost of pumping water off land within the district during the cropping seasons of the years 1907 and 1908, which became payable on June 27 and delinquent on July 27 of the year 1907, and a judgment is rendered on October 11, 1907, declaring the validity of the assessment, a landowner, who was aware of the failure of the district during the cropping season of 1907, to do the pumping work contemplated, and who had the opportunity to contest the validity of the assessment on that ground in the action to determine its validity, and failed so to do, is estopped, in a subsequent action to enforce the lien of the assessment, to urge the defense of a failure of consideration for the assessment.

APPEAL—STIPULATION FOR JUDGMENT—DISSIMILARITY OF FACTS.—A stipulation filed in the supreme court in a case there pending on appeal, to the effect that whatever judgment is rendered on another specified appeal, a like judgment may be given on the appeal in which the stipulation was filed, will be disregarded, unless the material facts are the same in both cases.

APPEAL from a judgment of the Superior Court of Sacramento County.    C. N. Post, Judge.

The facts are stated in the opinion of the court.

Hinkson & Elliott, for Appellant.

J. Frank Brown, for Respondent.

SHAW, J.—This is an appeal from the judgment upon the judgment-roll alone.    Judgment was given for the plaintiff upon a motion for judgment on the pleadings.

The case involves the same assessment as that reviewed in the case between the same parties, which was appealed to this court, and which is designated as No. 1656 on the Sacramento calendar.    We refer to the opinion in that case for a fuller statement of the facts, *ante,* p. 532.    The object of the present action is to foreclose the lien of the assessment for the remaining sixty-five per cent of the amount thereof, calls for that portion having been made after the former suit for the first thirty-five per cent was begun.    This action was begun in May, 1908.    The only additional matter to be here considered arises from the fact that in this case it is alleged and admitted that, after the assessment-list was filed in the office of the county treasurer, an action, under section 3493½ of the Political Code, was begun by the district in the superior court of the county

against the defendants and others as owners of lands in the district subject to the assessment, to determine the validity of said assessment; that the defendants were duly served with summons in said action and that on October 11, 1907, judgment was duly given therein declaring that said assessment was legal and valid, and that it constituted a lien upon the lands of the respective owners of lands in the district, to the amounts stated in the assessment-list, and upon the lands of the defendant, Caroline, to the amount of $6053.15. This judgment had become final before this action was begun. There was no appeal therefrom. These facts were not alleged in the first action. There is a stipulation on file that whatever judgment is rendered on the appeal in No. 1656, a like judgment may be given on this appeal. Manifestly this cannot be done unless the material facts are the same in both cases. As they are substantially different, the stipulation will be disregarded.

The last clause of section 3493½ expressly declares that every judgment declaring an assessment valid, given in such action, "shall be conclusive between the parties thereto as to the validity . . . of the assessment." This section was enacted in 1893. Prior to that time there was no proceeding authorized by which the validity of the assessment could be judicially determined in advance of a suit for the foreclosure of the lien. Because of the lack of such an opportunity to dispute its validity, it was held in *Lower Kings River Reclamation District* v. *Phillips*, 108 Cal. 306, [39 Pac. 630, 41 Pac. 335]; and in prior decisions also, that the action of the assessment-board in making the assessment, although in all respects regular, did not preclude a landowner from contesting its validity in defense to an action to foreclose the lien, and that in such foreclosure suit he would be allowed to show that his land was not benefited by the work to be done, or that the cost was not assessed in proportion to benefits, or any other objection to the collection of the assessment sufficient to render it invalid. That case arose before the enactment of section 3493½. The manifest purpose of that section was to provide for a judicial determination of such questions in advance of the enforcement of the assessment by suit. It declares the purpose of the action to be "to determine the validity of the assessment"; it may be begun at any time within one year

after the filing of the assessment-list with the county treasurer, and it is provided that the parties summoned, if they defend the action, shall set forth in the answer the reasons why they contend that the assessment is illegal. It is provided that "the court shall decree the validity or invalidity of the assessment in accordance with what the court may determine the facts to be." This section was considered by this court in *Reclamation District* v. *Runyon*, 117 Cal. 164, [49 Pac. 131]. In regard to the action authorized thereby, the court there said: "It is designed as one of the processes to test the legal perfection of an assessment levied by a reclamation district. The property-owner is entitled to a hearing at one time or another upon the question of benefits. (*Reclamation District* v. *Evans*, 61 Cal. 104; *Lower Kings River Reclamation District* v. *Phillips*, 108 Cal. 306, [39 Pac. 630, 41 Pac. 335]; *Hagar* v. *Reclamation District*, 111 U. S. 701, [4 Sup. Ct. 663].) Before the passage of section 3493½ of the Political Code he made this showing when action was brought to enforce the assessment. But to obviate difficulties and delays which thus arose this peculiar proceeding was established. By it is provided a forum before which a property-owner may go and make full proof of his objections to the assessment. The final determination of the court upon the matter may be used by or against him in any future action to collect the tax." We think it must be admitted that after such a judgment has become final against any landowner, he cannot, upon a foreclosure suit to enforce the lien, again object that the lands would not have been benefited had the work been done as contemplated, or that the assessment was not in proportion to benefits, or make any objection to the collection of the assessment which he might have urged in the statutory action to test its validity.

The facts alleged in defense are more fully stated in the opinion in the other action referred to. They are, in brief, that the assessment was for work to be done thereafter, consisting of the pumping operations for the cropping seasons of 1907 and 1908, that the district willfully refused to do the work during the season of 1907, whereby the land of the defendant was submerged and damaged and rendered unfit for cultivation then and ever since, and the defendant was thereby deprived of all benefit of the assessment. Nothing is said as to the pumping operations in the year 1908.

It may be conceded that the right to make such defense, after a judgment declaring the validity of the assessment, is analogous to the right of a party to enjoin the collection of a judgment for money given upon an obligation the consideration of which was the performance of a future act, where subsequent events have made the act impossible. Cases holding that such an action will lie in equity are cited in the opinion in the other case. But the right to maintain such actions is much restricted. "A bill seeking this relief is scrutinized with great jealousy, and the grounds upon which the interference will be allowed are confessedly somewhat narrow and restricted. It will not suffice to show that injustice has been done by the judgment against which relief is sought, but it must also appear that this result was not caused by any inattention or negligence on the part of the person aggrieved; and he must show a clear case of diligence to entitle himself to an injunction." (1 High on Injunctions, sec. 113.) And further that author says: "Where the person aggrieved has had an opportunity of interposing his defense at law and has had his day in court, but has failed through carelessness or inadvertence to avail himself of the opportunity of interposing such defense at law, he cannot afterwards make it the ground for relief in equity and is barred from enjoining proceedings under the judgment. It is not the policy of the law to permit persons to slumber upon their rights when they have an opportunity to assert them in a court of law and afterward to permit their assertion in a court of equity." (Sec. 165.) To the same effect see 1 High on Injunctions, secs. 178, 180; 2 Story's Equity Jurisprudence, sec. 896; 4 Pomeroy's Equity Jurisprudence, sec. 1361; 2 Freeman on Judgments, secs. 493, 503.

Applying this doctrine to the present case it will be seen that the objections here interposed could have been set up in defense to the action to declare the validity of the assessment. The judgment in that action was rendered on October 11, 1907. The record does not show when it was begun, but it must be presumed that if any valid defense had been presented to the court at any time before the judgement, the party presenting it would have been allowed to make a showing thereof, although it may not have been contained in his original answer. It would have been the duty of the court to permit

such defense to be interposed and we must presume in this proceeding that it would have done so. The cause of the failure of consideration alleged was the failure to pump the water off the land during the cropping season of 1907. The assessment became payable on June 27th and became delinquent on July 27th. The act which caused the damage and which deprived the defendant of the benefits expected, was the failure to pump water during the cropping season of 1907. That season was substantially over before the judgment of October 11, 1907, was rendered. The defendant was fully aware of such failure while it was occurring, and before that judgment was rendered she knew of the existence of the defense which she now seeks to make. She had an opportunity to present it to the court in that action. Upon the principles stated in the foregoing authorities she is now estopped by the former judgment, and she cannot again set up the defense which she then was cognizant of and failed to present to the court.

The judgment is affirmed.

Henshaw, J., Melvin, J., and Lorigan, J., concurred.

BEATTY, C. J., dissenting. I dissent.—The validity of the assessment has never been questioned by defendants, but, on the contrary, expressly conceded in the former action as in this. Their defense is that the proceeds of a legal assessment were so misapplied as to do them an injury instead of conferring a benefit. The judgment in this case should follow the judgment in the other according to the stipulation.