State of Louisiana v. A. Cassard.

No. 2062.—STATE OF LOUISIANA v. A. CASSARD.

State warrants drawn by the Auditor of Public Accounts are receivable in payment of taxes or licenses and a party depositing them with the collector is exempt from the payment of interest, costs or damages from the date of such deposit. Act No. 1 of 1869.

APPEAL from the Seventh District Court for the parish of Orleans. *Collens*, J. *Breaux & Fenner*, for plaintiff and appellee. *H. C. Dibble*, for defendant and appellant.

HOWELL, J. The defendant having been sued for the tax on his occupation for the year 1868, deposited in court the amount thereof in certificates of indebtedness of the State of Louisiana and also in warrants of the Auditor on the State Treasurer, and asked the court to order the tax collector to receive one or the other in full discharge of the demand. The District Judge refused his prayer and rendered judgment against him for the sum claimed, and he has appealed.

It has been settled in the case of the City National Bank *v.* F. C. Mahan, just decided, that these "certificates" are bills of credit, emitted by the State in violation of section 10, article 1, of the Federal Constitution, and therefore illegal.

As to the warrants, act No. 1 of the Legislature of 1869, passed after the institution of this suit, authorized and required the tax collectors to receive in payment of the taxes due the State all warrants issued or to be issued by the Auditor, and the deposit in this case of the warrants may be deemed as made at the date of said law.

It is therefore ordered that the judgment appealed from be reversed, and that there be judgment in favor of defendant authorizing and requiring F. C. Mahan, tax collector, and representing the State herein, to receive in payment of the license tax herein sued for the warrants deposited by the defendant in the lower court. The defendants to pay the costs up to the fourth January, 1869, as the date of his deposit.