[No. 7,525.—In Bank.]
July 26, 1882.

## RECLAMATION DISTRICT No. 108 *v.* JOSEPH EVANS
### ET AL.

RECLAMATION OF SWAMP LANDS—ASSESSMENT—CONSTITUTIONAL LAW.—In an action upon an assessment for reclamation purposes it was objected that the provisions of the Political Code relating to the assessment of lands within Reclamation Districts are unconstitutional,—the ground of objection being that they do not provide for any mode by which a party assessed shall have notice of the proceeding and an opportunity to object to the amount charged against his land.

*Held:* No assessment against any tract of land can be enforced except by action to which the owner of a tract must be made a party; and it is immaterial whether he has notice before the assessment, if in the subsequent action he has his day in Court with full opportunity to contest the charge before it is declared a lien upon his land or a judgment to be collected out of his general property.

ID.—ID.—ACTION TO ENFORCE ASSESSMENTS.—In such an action it may be and probably is true that the Court below has no power to change the assessment, but of this the defendant can not complain since the Court has the power to declare the assessment invalid in so far as it purports to create a charge against his land.

APPEAL from a judgment for the plaintiff in the Tenth District Court of the County of Colusa. KEYSER, J.

The action was brought to recover an alleged assessment made by the plaintiff upon certain lands for reclamation purposes, amounting in the aggregate to the sum of three hundred and thirty-two thousand and forty-six dollars.

*W. C. Belcher* and *A. L. Hart*, for Appellants.

The Act under which the assessment in this case was levied is unconstitutional. The Act provides for the appointment of commissioners, and the levy by them of an assessment upon all of the lands in the district, which assessment is to be in proportion to the whole expense and to the benefits to be derived. The question as to whether a given assessment is in proportion to benefits is a question of fact which must be determined favorably or unfavorably to a party by the commissioners, whose duty it is to make the assessment. No other Board or officer has power to review their decision, and

no means are provided by which a party can be heard before them, or by which their decision can be reviewed. This Court has held that their determination upon this question is final and conclusive, and hence their determination is a judgment in the strictest sense. (*People* v. *Hagar*, 52 Cal. 187, 188.)

No case can be conceived in which a fact affecting the property rights of a person can be determined against him under our Constitution without giving him an opportunity to be heard in some appropriate manner and before some appropriate tribunal. The right to be heard before he is condemned has been guaranteed to every person by our Constitution, and is a right that can not be too carefully guarded. (Cooley on Taxation, 265–267; *Philadelphia* v. *Miller*, 49 Pa. St. 440; *Darling* v. *Gunn*, 50 Ill. 424; *State* v. *Drake*, 33 N. J. L. 194; *Butler* v. *Supervisors of Saginaw Co.*, 26 Mich. 22; Baldwin, J., in *Patten* v. *Green*, 13 Cal. 320, 329; *Commonwealth* v. *Runk*, 26 Pa. 235; *Cleghorn* v. *Postlewaite*, 43 Ill. 428; *Mulligan* v. *Smith*, 59 Cal. 206.)

Due process of law requires that the party interested must be notified of the proceeding against him, and have an opportunity to be heard and to defend his rights. The assessment sued for was assessed and levied and became established as a lien, if a lien at all, upon the lands of the defendants, without any notice to the owners that it was to be assessed, or of the amount to be assessed on it, or any opportunity to appear before and be heard by the Commissioners of Assessments or any Board, officer, or tribunal in regard to the assessment, and the law under which it was assessed and levied required no notice to the land owners, and gave them no opportunity to be heard; and we claim that the assessment and the law are void, because in effect they deprive the owners of their property without due, or any, process of law. (*Doubleday* v. *Newton*, 9 How. Pr. 71; *Petition of Nathaniel Ford*, 6 Lans. 92; *Hopkins* v. *Mason*, 42 How. Pr. 115; *Butler* v. *Supervisors of Saginaw Co.*, 26 Mich. 22; *Thomas* v. *Gain*, 35 id. 155; *Woodhouse* v. *Burlington*, 47 Vt. 300; *Jordan* v. *Hyatt*, 3 Barb. 275; *Ireland* v. *Rochester*, 51 id. 416; *Wheeler* v. *Mills*, 40 id. 646; *State* v. *Common Council of Jersey City*, 24 N. J. L. 662; *State* v. *Morristown*, 34 id. 445; *State* v. *Newark*, 31 id. 363; *State* v. *Elizabeth*, 37 id. 357; *State* v. *Plainfield*,

38 id. 97; *Patten* v. *Green,* 13 Cal. 325: *Darling* v. *Gunn,* 50
Ill. 424; *Overing* v. *Foote,* 65 N. Y. 263; *Stuart* v. *Palmer,*
74 id. 183; Cooley on Taxation, 235, 236, 298, 365.)

*A. C. Adams,* for Respondent.

The law applicable to and authorizing these proceedings
may be found in Sections 3446–3456, 3459–3463, and 3465–
3467 of the Political Code of the State of California. Do
these proceedings, and the law providing for them, deprive
the defendant herein of his property, without due process of
law ? (Cooley on Constitutional Limitations, 352, 356; *Mc-
Millen* v. *Anderson,* 95 U. S. 37; *Wallace* v. *Shelton,* 14 La.
An. 498; *Bishop* v. *Marks,* 15 id. 147; *Davidson* v. *New Or-
leans,* 96 U. S. 97.)

In addition to these cases, which are controlling authorities,
we also cite, as authorities entitled to the highest considera-
tion: (Cooley on Con. Lim. 352; Cooley on Taxation, 429,
430; *Sears* v. *Cottrell,* 5 Mich. 250; *Hagar* v. *Sup. Yolo Co.*
47 Cal. 234; *Reclamation District No. 108* v. *J. J. Hicock,*
No. 6343; *Reclamation District No. 108* v. *Isaac Howell,* No.
6348; *Reclamation District No. 108* v. *Edwin F. & Isaac
Howell,* No. 6346, decided Dec. 29, 1879, and not reported.)

The COURT:

The point relied upon by the appellant is that the provis-
ions of the Political Code relating to the assessment of lands
within reclamation districts are unconstitutional and there-
fore void. They are said to be unconstitutional because they
do not provide for any mode by which a party assessed shall
have notice of the proceeding, and an opportunity to object
to the amount charged against his land. Section 3456 pro-
vides that the Commissioners appointed by the Board of Su-
pervisors " must view and assess upon the lands situated
within the district a charge proportionate to the whole ex-
pense and to the benefits which will result from such works"
of reclamation.

No assessment against any tract of land can be enforced
except by action, to which the owner of the tract must be
made a party. (Pol. C., § 3466.) The judgment appealed
from was rendered in such an action; and to such an action

the Code does not limit the defenses. If the provisions of the Political Code are applicable, and the proposition contended for is correct, the appellant here could have shown that the sums assessed against his property were not "proportionate to the benefits" resulting from the works of reclamation. It has been repeatedly decided in the Supreme Court of this State that the Legislature may establish an arbitrary standard of estimating the amount of benefit derived by each tract of land within an assessment district declared to be benefited as a whole; as by reference to the number of front feet in the case of street assessments, or to the number of acres in cases of reclamation. But, for the purposes of this decision, we may assume that the Code has not adopted any such arbitrary method, but that the assessment of the Commissioners must be made with reference to the actual benefits to result to each tract of land by reason of the works of reclamation. It can not be material, however, that the land owner had no notice before the proportional benefit to his land was estimated by the Commissioners, if in the subsequent action he has had his day in Court, with full opportunity to contest the charge, before it was declared a lien upon his land, or a judgment to be collected out of his general property.

In the case before us the defendant set up in his answer that his lands were not and could not have been benefited by the works of reclamation. But the Court below found that the Commissioners "did jointly view and assess upon each and every one of said lands to be reclaimed or benefited" by the works, "a tax proportionate to the whole expense, and to the benefits which would and will result from the works," and made a list of the amount due from each owner, etc. The *evidence* is not before us, and we must suppose that defendant was properly assessed.

It may be, and probably is, true that the Court below had no power to *change* the assessment, but of this defendant can not complain, since the Court had power to declare the assessment invalid in so far as it purported to create a charge against his lands.

Judgment affirmed.