[No. 12104.   Department Two. — August 27, 1887.]

GEORGE W. PRESCOTT, APPELLANT, v. M. J. Mc-NAMARA ET AL., RESPONDENTS.

LEVEE DISTRICT — SUTTER COUNTY — PAYMENT OF TAXES — WARRANT — ACT OF MARCH 25, 1868. — Under sections 12 and 16 of the act of March 25, 1868, providing for the protection of certain lands in the county of Sutter from overflow, the levee taxes of a district organized under the act may be paid either with warrants of the district drawn upon the levee fund, or with money; but when payment is made in money, it must be in gold or silver coin of the United States.

ID. — PAYMENT OF TAXES BY WARRANT — REGISTRY OF WARRANTS. — Section 13 of that act, providing, in effect, that the county treasurer shall keep a register of the warrants of the district in the order of their presentation for payment, and shall pay the same in the order of their registry, when from time to time there shall be any money in the levee fund, does not qualify the right given by section 12 of the act, to use the warrants in payment of taxes, without reference to the order of their registry.

APPEAL from a judgment of the Superior Court of Sutter County.

The act under which the levee district in question was organized was entitled "An act to provide for the protection of certain lands in the county of Sutter from overflow," approved March 25, 1868. The further facts are stated in the opinion of the court.

E. A. Davis, and J. H. Craddock, for Appellant.

Stabler & Bayne, and Sanborn & Phipps, for Respondent.

McFARLAND, J.—This action was brought to restrain the tax collector of levee district No. 6 of Sutter County, and the treasurer of said county, from receiving in payment of levee taxes any warrants drawn on the levee fund, except in the order of their registration. A demurrer to the complaint was sustained in the court below, and plaintiff declining to amend, judgment went for defendant, and plaintiff appeals from the judgment.

Appellant is the holder of a number of warrants issued and registered in 1871; and he contends,—1. That all levee taxes must be paid in gold or silver coin; and 2. That at least no later warrants can be received for taxes while older registered warrants remain unpaid.

The last clause of section 12 of the act under which the district was organized is as follows: "Warrants drawn on any levee district fund shall be paid out of any money in the county treasury belonging to such fund, or they may be received by the tax collector in payment of the tax authorized to be levied for the construction of levee, or other work of protection of said district." Section 16 provides that "all taxes levied and collected by virtue of this act shall be paid in gold or silver coin of the United States." And appellant contends that, as these two sections are in conflict, section 16, being the last in numerical order, and the latest expression of the legislative will, must obtain. But that rule of construction can be resorted to only when the conflict between two laws, or two parts of laws, is so complete as to baffle all attempts to reconcile them. All parts of a statute are to be reconciled, and effect is to be given to each part, if it can be done; and here it can be easily done. The statute, *upon its face*, means that the taxes may be paid either with warrants or with money, but that *when* paid with money, it must be with a particular kind of money. And this appears still more clearly when we consider the historical fact that a few years before the passage of the act in question, the state adopted the policy of excluding paper money from her fiscal system.

Section 13 provides that the treasurer shall keep a register of warrants in the order of their presentation for payment, and when there is no money in the fund, shall indorse on the warrants the date of their presentation, "and thereafter pay the same in the order of its registry, as from time to time any money shall be paid over to him to the credit of the particular levee fund on which

the sum is drawn." This provision deals only with the right of holders of warrants to have them paid in money, in the order of registry, when "from time to time any money" shall be in the fund. It in no way qualifies the right given by section 12 to use warrants in payment of taxes without reference to the order of their registry.

Judgment affirmed.

SHARPSTEIN, J., and THORNTON, J., concurred.

Hearing in Bank denied.