WESTERN TOWN LOT CO. v. LANE, County Treasurer (CITY OF HURON, Intervener.)

1. A city warrant, lawfully drawn upon the general fund in one year, should be received by the treasurer in payment of city taxes for a subsequent year. Section 1598, Comp. Laws.

2. A finding that when a certain warrant was issued the city had exceeded the constitutional limit of indebtedness does not show that such limit was reached when the indebtedness was incurred for which the warrant was issued, and does not establish the invalidity of such warrant.

(Syllabus by the Court. Opinion filed Oct. 28, 1895.)

Appeal from circuit court, Beadle county. Hon. A. W. CAMPBELL, Judge.

This case was first decided by this court in an opinion reported in 7 S. D. 1; 62 N. W. 982, in which opinion the judgment of the court below in favor of the defendant was reversed. Thereafter a rehearing was ordered in the case. This opinion is upon the rehearing. The former decision is adhered to.

*John L. Pyle* and *Wm. B. Sterling*, for appellant.

*A. W. Wilmarth*, city attorney, (*H. Ray Meyers*, of counsel,) for respondent.

KELLAM, J.    A decision of this case was made at the last term of this court, and is reported in 62 N. W. 982; 7 S. D. 1. Respondents contend that the major proposition upon which they rested their defense was that the funds levied for the expenses of the city for one year could not legally be applied to the payment of warrants drawn for the expenses of a previous year, at least unless such warrants of the previous years could be paid out of a surplus remaining after all the expenses of the current year had been fully paid; in other words, that the fiscal affairs of each year stand by themselves, and that general fund warrants of one year are not to be paid from the taxes of a succeeding year, except in case of a demonstrated surplus, as above indicated. Respondents suggest that our former decision was made to turn largely upon other questions, minor to this, which could not be controlling if the main proposition is correct. This question and others incidental to it, are so thoroughly discussed in the petition for rehearing and the answer of appellant thereto and the briefs accompanying the same that we could hardly expect to find authorities more closely bearing upon the questions discussed than those cited by one side or the other in the briefs upon this application for rehearing. In the absence of clearly controlling constitutional or statutory direction, it would seem to be primarily a question of the policy of the law, to be gathered from general provisions,

whether the financial affairs of counties and municipal corporations generally as to expenses and their payment are to be distinctly divided into fiscal years, so that the current revenues of each year stand, so far as may be needed, already appropriated to the payment of the expenses of that particular year; but it seems to us that, whatever may be the general policy or plan of the law in respect to the point just referred to, the legislature has in very express terms declared a rule which would and must control, and answers a question presented by the facts in this case. The facts are these: Respondent held a warrant issued by the city against its general fund, which showed upon its face that it was issued in payment of the city assessor's services for making the city assessment in the year 1892. It had been presented for payment, but not paid, for want of funds. The respondent owed taxes assessed in the succeeding year of 1893, and in partial satisfaction thereof presented this 1892 warrant, which the county treasurer refused to accept, on the ground that the taxes of one year could not be paid by warrants issued to pay expenses for a preceding or different year. Section 1598 provides that: "Territorial warrants are receivable for the amount payable into the territorial treasury, on account of the general territorial tax; and county warrants are receivable at the treasury of the proper county, for the amount of county tax payable into the county treasury, except when otherwise provided by law; and city warrants shall be receivable for city taxes, and school warrants shall be received for school taxes, in the districts where such warrants are issued," etc. Afterwards chapter 21 of the Laws of 1891 supplemented this section by providing that: "When any person desiring to pay any taxes due and unpaid, shall present a city, town or school order, or warrant, to the proper treasurer of any city, town or school township, or to the county treasurer, if he collects the city, town or school taxes of any city, town or school township in his county, in payment of such tax, which shall exceed the amount which such treasurer is author-

ized to receive in city, town or school orders or warrants in payment for such tax, he shall endorse on the back of such order or warrant in part payment, the amount he is authorized by law to receive, and date the same," etc.

There is certainly nothing in the terms of either of these provisions that would suggest that the legislature intended to restrict the use of warrants in payment of taxes to such as were issued on account of expenses or debts incurred during the year for which such taxes were assessed. Both of these sections constantly speak of "warrants or orders" in general terms. County warrants may be used to pay county taxes, and city warrants to pay city taxes. We are informed from different sources, and by those in position to know, that for many years at least the general, if not the universal, practice in the different counties and cities of the state, as of the territory formerly, has been to receive such warrants in payment of such taxes, without regard to their date, if not barred of course by the statute of limitations. While such practice could not be allowed to determine what is a proper legal interpretation of the law, it is important in two respects: It shows the construction which territorial, county and municipal officers charged with duties under it have uniformly given to it, which is always influential with the courts in construing a statute of doubtful meaning, and it shows, too, that the legislature, made up biennially of representatives from the different counties and localities of the territory and state, and presumably knowing that such was the common understanding of the effect of this provision, was satisfied therewith, for it took no steps to change the law or the practice under it. If it had regarded such practice as dangerous or undesirable, it would naturally have so modified the law as to make it express a meaning clearly adverse to such common understanding and practice. Respondent contends that such a construction of the law would enable a warrant holder to accomplish indirectly what he could not do directly; that is, he might use his warrant as so much money

when he was unable to draw the money from the treasury on it, or, as he vigorously expresses it, might "waylay the money en-route from the tax levy to the city treasury." This we under-stand to be the very thought and purpose of the law, and is founded upon the apparently equitable principle of allowing an offset of claims. These provisions amount simply to this: the city owes the taxpayer and the taxpayer owes the city, and the mutual claims are set off against each other. While the tax debtor has no common-law right to make such set-off, our sta-tute, like those of many other states, gives it to him. When-ever the legislature concludes that this is not a fair disposition of such a case, or that for any reason such a set-off ought not to be allowed, it will doubtless so express itself. The state of Wisconsin has substantially the same provision as ours, pro-viding that county and town orders are receivable in payment of county and town taxes; and in Pelton v. Crawford Co., 10 Wis. 69, the supreme court of that state declared that the right of a tax debtor to so use an order in payment of his tax was given in such absolute and unqualified terms that even the statute of limitations did not cut off such right, and that an order might be so used although from lapse of time no action could be main-tained upon it.

Upon this question, English v. Oliver, 28 Ark. 317, is an instructive case. There the state law provided that county taxes might be paid in county warrants, and all taxes in state scrip. A taxpayer offered in payment of the tax of 1873 scrip issued in 1871, which was refused. The court held that he had a right so to pay the tax with such scrip, except so much of such tax as was levied to pay interest on certain county bonds, which the legislature had especially provided should be collected in United States currency. In the course of its opinion that court made a remark that seems quite pertinent to the question dis-cussed and decided in the former opinion of this court, to which reference is now made. The court said: "Whatever sums the county authorities are authorized to assess and collect of the

property holders of the county for public purposes is county tax, and, whether levied in one item, and distributed after collection, or collected in specific divisions, as for roads, for poor, etc., is wholly immaterial. It is a levy for the support of the government, and is mainly embraced in the term 'county taxes.'" In Prescott v. McNamara, 73 Cal. 236, 14 Pac. 877, it was held that a provision giving the right to a taxpayer to use warrants in the payment of his tax, was not qualified by the general provision that taxes should be paid in gold or silver coin, or that warrants should be paid in the order of their presentation. In the recent case of Reynolds v. Norman, 114 Mo. 509, 21 S. W. 845, it was distinctly held, under a statute like ours, that a county warrant issued in payment of indebtedness incurred in one year was a legal tender for taxes of a subsequent year. But respondent contends that, if these statutory provisions allow the city taxes of one year to be paid in warrants of preceding years, they violate section 2 of article 10 of the constitution, which says: "Nor shall money raised by taxation, loan or assessment for one purpose ever be diverted to any other." This he claims on the theory that the tax assessed for the purpose of meeting the expenses of one year would be thus diverted to the payment of the expenses of a different year. We do not think this provision can be fairly so interpreted. We think the term "purpose" is so used with reference to the specific objects for which money may be raised by taxation. The first part of the same article forbids the city from levying a tax except in pursuance of law, and "for public purposes specified by law," and then, when under such a levy money is collected for such specific purpose, whether it be for building a city hall or paying a judgment, it cannot be diverted to some different and other purpose. We should be disinclined to adopt respondent's interpretation of this provision for another reason. It refers only to municipal corporations. It is at least doubtful if this term, as here used, includes counties or towns (see Town of DelluRapids v. Irving [S. D.] 64 N. W. 149), and we know

of no good reason why city warrants alone should be excepted from the general rule of the statute, and we do not think a fair construction of this constitutional prohibition will accomplish such result.

It is contended, further, that the appellant was not entitled to have the city warrant applied towards the payment of its city taxes, for the reason that the warrant itself was issued after the city had exceeded the maximum of its allowed indebtedness, and was, therefore, void for any purpose. The trial court only finds that when this order was issued—that is, at its date—the city had reached the constitutional limit of indebtedness; but it is nowhere shown what was the city's indebtedness when the liability was incurred for which the warrant was issued. The warrant was issued to the city assessor on account of his official services in assessing the city. That, by the charter, was required, or at least allowed, to be done months prior to the date of the warrant; and that the city had reached the limit of its indebtedness the last of July, when the warrant was issued, does not show that it had so reached such limit in April or May preceding. Although our former opinion may have taken a wider range than was necessary to determine the rights of the parties upon the facts in this case, we think the case was rightly decided, and the petition for rehearing is denied.