[Sac. No. 634. In Bank.—November 19, 1900.]

JAMES S. ANGUS et al., Executors, etc., of James G. Fair, Deceased, Appellants, v. J. W. BROWNING, President of the Board of Trustees of Reclamation District No. 108, Respondent.

RECLAMATION DISTRICT—MONEY IN POSSESSION OF PRESIDENT—PAYMENT TO COUNTY TREASURER—MANDAMUS.—A writ of mandate will not lie, at the instance of a creditor of a reclamation district, the lands of which are situated in different counties, against the person who is the president of the board of trustees of the district, to compel him to pay to the treasurer of one of such counties a portion of the district funds, collected by him and in his possession as agent of the board. The making of such payment is no part of the official duty of the president, and a writ of mandate will only lie to compel the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station.

APPEAL from a judgment of the Superior Court of Colusa County. H. M. Albery, Judge.

The facts are stated in the opinion of the court.

Garret W. McEnerney, Pierson & Mitchell, and Clunie & Bridgford, for Appellants.

Adams & Adams, and E. T. Crane, for Respondent.

GAROUTTE, J.—Plaintiffs sue as executors of the will of James G. Fair, deceased. The defendant is president of the board of trustees of Reclamation District No. 108—lying partly in the county of Yolo and partly in the county of Colusa. Said district is a public corporation created for public purposes, the main object being the reclamation of swamp lands. (Pol. Code, sec. 3446 et seq.; *People v. Reclamation Dist.*, 53 Cal. 346; *People v. Reclamation Dist.*, 117 Cal. 114.) The statute provides that the moneys raised by assessments on lands in such districts must be paid by the board of trustees; if the district lies partly in different counties, to the treasurer of the county in which the tracts on which assessments are collected may be respectively situated. The funds thus received into the county treasury are to be paid out "for the work of reclamation upon the warrants of the trustees, approved by the board of supervisors of the county." (Pol. Code, secs. 3456-66.)

It is alleged in the complaint, among other things, that the said district, through its officers, levied assessments upon the lands situated therein; that lists were made showing the tracts assessed and the amount assessed against each, and that the board of trustees "turned over said lists to said Browning," the defendant, for collection; that in his official capacity, as president of the board, defendant collected on account of said assessments the sum of thirty-seven thousand four hundred dollars; that he has not paid said sum or any part thereof to the treasurer of either Yolo or Colusa county nor to said board of trustees, but neglects and refuses so to do, "and claims the right, as president of said board, to withhold said money and pay out the same on behalf of said district as to him seems proper"; that such neglect and refusal "is now and always has been contrary to law, upheld by a majority of the board of trustees of said district." That Fair, plaintiffs' testator, at the time of his death, was the creditor of said district upon its warrants, regularly drawn by the board of trustees of the district, to the amount of about five thousand dollars, which warrants

are still the property of his estate, and have not been paid for want of funds applicable to that purpose; that Fair was also the owner of a body of land some ten thousand acres in area, lying within said district, which land remains the property of his estate. Plaintiffs prayed that the court determine by its judgment what portion of the said money collected by defendant should be paid to the treasurer of Yolo county, and what portion to the treasurer of Colusa county, and that defendant be required to pay over the same accordingly; that if it should appear that he is unable to comply with such direction by reason of having made unlawful use of the money, then that execution issue against his property "to satisfy said demands in favor of said district," etc.

The defendant demurred to the complaint upon various grounds, one of which was that no cause of action was stated against defendant. The demurrer being sustained, plaintiffs declined to amend, and judgment went against them. While the prayer of the pleading seeks various kinds of relief, the allegations are clear and explicit as tending directly to a decree alone that the moneys collected by defendant be paid into the respective county treasuries of Yolo and Colusa counties. In other words, the proceeding upon its face is essentially one in the nature of an application for a writ of mandate, and we are confident it must be so considered. Yet mandate is not a remedy which can be invoked against this defendant. The writ of mandate may only run to compel the performance of an act "which the law specially enjoins, as a duty resulting from an office, trust, or station." Here the law does not enjoin upon the defendant to do any act as a duty resulting from his office, trust, or station. By section 3466 of the Political Code it is made the duty of the board of trustees to collect these moneys and pay them into the county treasury. The president of the board of trustees, as such, has nothing to do with it; and if the board authorize him to collect the money, and he acts under that authorization, he is a mere agent of the board and collects and holds the money as its agent.

We attach no importance to the allegation of the complaint that the defendant refused to pay over this money to the board of trustees, in view of the further inconsistent allegation that

such refusal "is now, and has always been, contrary to law upheld by a majority of the board of trustees of said district." The law casts no duty on the defendant, as president of the board of trustees, to collect this money, or to pay it when collected into the treasury of the county, and for this reason we are not able to see how the present proceeding inaugurated against defendant can stand. Viewing the case in all its substantials as a proceeding in the nature of an application for a writ of mandate, no cause of action is stated against defendant. He being the mere agent of the board in collecting the money his possession of the money is the board's possession, and this proceeding must fail for the aforesaid reasons.

The judgment is affirmed.

Harrison, J., Van Dyke, J., Temple, J., and Henshaw, J., concurred.

Rehearing denied.