[Sac. No. 1832. Department Two.—September 8, 1911.]

RECLAMATION DISTRICT, No. 730, Respondent, v. ELLA L. HERSHEY et al., Appellants.

APPEAL FROM ORDER DENYING NEW TRIAL—ORDER STRIKING OUT AMEND-MENT TO ANSWER NOT REVIEWABLE.—Upon an appeal taken only from an order denying a new trial, an order striking out an amend-ment to the answer cannot be reviewed. Such order can be reviewed only upon an appeal from the judgment.

RECLAMATION DISTRICT—ACTION TO COLLECT ASSESSMENT—VALIDITY OF FORMATION OF DISTRICT NOT IN ISSUE.—In an action by a reclama-tion district to collect an assessment, in which no issue is joined by the pleadings as to the validity of its formation, such validity cannot be attacked by a defendant failing to deny the averments of the complaint as to the due performance of all statutory conditions as to its organization.

ID.—RULE AS TO EVIDENCE UNDER DEFECTIVE PLEADING INAPPLICABLE TO ADMITTED FACTS.—The rule that the admission of evidence under a defective pleading without objection, will be construed as waiving the defect, cannot apply to facts alleged in the complaint which the answer by its silence has admitted to be true, and upon which there was no attempt to join issue.

ID.—ASSESSMENT UPON LANDS NOT BENEFITED.—WHOLE TRACT.—A tract of land within a reclamation district is properly assessed as an entirety, notwithstanding certain fragmentary portions thereof will not be benefited by the work for which the assessment was levied.

ID.—IMPERFECTION IN PLANS—ESTIMATE OF COST NOT INCLUDING PRIVATE LEVEES—JURISDICTION NOT AFFECTED—PROVISION FOR CHANGE.—The fact that there is imperfection in the plans of the work for which the assessment was levied, in not including the cost of acquiring private levees, does not go to the jurisdiction of the board of super-visors to levy the assessment, as the law itself contemplates mistakes or imperfections in the plans, by providing in section 3455 of the Political Code for "new, supplemental or additional plans." The supervisors had power to order the assessment based upon the whole cost, as shown under the plans adopted.

APPEAL from an order of the Superior Court of Yolo County denying a new trial. E. E. Gaddis, Judge.

The facts are stated in the opinion of the court.

Hudson Grant, and E. A. Bridgford, for Appellants.

Arthur C. Huston, and Harry L. Huston, for Respondent.

HENSHAW, J.—This is an action brought by plaintiff to enforce the collection of an assessment upon the lands of the defendants and appellants. Judgment passed for plaintiff. From that judgment these defendants did not appeal, their sole appeal being from the order denying their motion for a new trial.

Upon this appeal, however, they urge certain propositions cognizable, if at all, only on appeal from the judgment, and others which in the condition of the record cannot here be considered. Thus appellants filed an amendment to their answer tendering certain new matters as a defense. This amendment was stricken out by the court. Its ruling in this regard can be reviewed only on appeal from the judgment. (*Bode* v. *Lee,* 102 Cal. 583, [36 Pac. 936]; *Holmes* v. *Warren,* 145 Cal. 460, [78 Pac. 954]; *Petaluma, etc., Co.* v. *Singley,* 136 Cal. 618, [69 Pac. 426]; *Swift* v. *Occidental Mining Co.,* 141 Cal. 165, [74 Pac. 700].) Again, appellants undertake to attack the legality of the formation of the district. But if the organization of such a district be subject to collateral attack in an action to collect an assessment, no issue upon the matter is joined by the pleading. Amongst other propositions advanced are that the report of the board of trustees to the board of supervisors of the plans of reclamation do not conform to the requirements of section 3455 of the Political Code, that the lands of these appellants are not described as required by the provisions of section 3461 of the Political Code, and that the amount of the charge assessed against each tract as provided by subdivision 4 of section 3461 of the Political Code is not stated. The complete answer to these propositions is that the complaint charged the due performance of these matters and that the defendants did not join issue upon any of them. The effort of the defendants to raise any of these issues by the amendment to their answer was rendered futile by the court striking out those amendments, and their redress for any injury which they may deem they suffered by this ruling can only be given them upon an appeal from the judgment, an appeal, as has been said, which they have not taken.

Conceding the force of this, appellants undertake to meet it by such cases as *Tynan* v. *Walker,* 35 Cal. 645, [95 Am. Dec. 152]; *Tuffree* v. *Polhemus,* 108 Cal. 676, [41 Pac. 806]; and

*Kimball* v. *Richardson Co.*, 111 Cal. 397, [43 Pac. 1111]. Those cases, one and all, however, are simply to the effect that where an allegation is pleaded, though defectively, or where denial is made, though defectively, the introduction by the parties of evidence upon the question without objection will be construed as waiving such defect. The reason upon which this ruling is founded is plain and just. The parties by their conduct have accepted the pleadings as sufficient and neither will be allowed, after the time for amendment has passed, to urge the insufficiency to defeat his adversary's rights. In the case at bar the answer by its silence admitted as true all these allegations of the complaint. No issue was tendered or sought to be tendered upon any of these matters. The effort to meet any of them by the amendments to the answer was promptly opposed by plaintiff by demurrer and by motion to strike out, and when the court finally ruled in accordance with plaintiff's demurrer and motion to strike out, the only redress of defendants was plainly before them, an appeal from the judgment, which they did not take.

The remaining contentions of appellants which are reviewable upon appeal are, first that the assessment is levied upon lands which it is found would not be benefited by the work of reclamation and which therefore should have been exempted in the assessment levy. Even where such a state of things exists the assessment is properly levied upon the whole tract (*Reclamation District* v. *McCullah*, 124 Cal. 175, [56 Pac. 887]), and the finding of the commissioners that certain fragmentary pieces or parcels of a tract will not be benefited does not relieve from the necessity of assessing the whole as a tract, the proper method of treating the matter being as was done in this case and as approved in *Reclamation District No. 70* v. *Birks*, 159 Cal. 233, [113 Pac. 170].

The second and remaining proposition is that the assessment levied upon the lands of the defendants is not in proportion to the *whole* expense and to the benefits which will result from the proposed works of reclamation. Herein appellants' contention is that by section 3455 of the Political Code it is the duty of the board of trustees, after the adoption of plans and specifications for the reclamation of the lands, to report to the board such plans and specifications, "together with estimates of the cost of the works necessary for the re-

clamation of the lands of the district in pursuance of any such plan or plans" and the assessment under section 3456 is to be made upon the lands by "a charge proportionate to the whole expense and to the benefits which will result from such works." It is insisted that by the imperfections in these plans the *whole* of the cost was not estimated and therefore that the assessment was not in proportion to the "whole expense." It appears that the commissioners, either through inadvertence or in the belief that the district would not be called upon to pay for them, did not include in their estimate of the cost of work the acquisition of certain levees held in private ownership. At the most, this amounts to a mere defect in the plans which would not result in destroying them so completely as to deprive the supervisors of the power to order the assessment based on the cost as disclosed by them. The law itself contemplates such mistakes or imperfections when it provides in section 3455 of the Political Code for "new, supplemental, or additional plans." It is well settled that defects in the plans do not affect the jurisdiction. (*Haughawout* v. *Hubbard,* 131 Cal. 676, [63 Pac. 1078]; *Reclamation District* v. *Goldman,* 65 Cal. 635, [4 Pac. 676].

The order appealed from is therefore affirmed.

Lorigan, J., and Melvin, J., concurred.

Hearing in Bank denied.