[S. F. No. 6036.    In Bank.—March 25, 1912.]

# ELLA L. HERSHEY et al., Petitioners, v. RECLAMATION DISTRICT No. 730 et al., Respondents.

Reclamation District—Payment of Judgment Upholding Assessment by Warrant of District.—Under the amendment of February 20, 1909, to section 3457 of the Political Code, a reclamation district is bound to accept a warrant of the district in payment of a judgment, rendered prior to the taking effect of the amendment, whereby an assessment against certain land therein was judicially found to be valid and a lien was declared against the property, notwithstanding the judgment, in conformity with section 3466 of that code, contained a provision directing that the sale of the land for the purpose of satisfying the assessment should be made in gold and silver coin, and the proceeds of the sale should be placed with the county treasurer to the credit of the district, and the warrant offered in payment had been registered in the treasurer's office subsequent to others that were outstanding.

Id.—Actions to Determine Validity of Assessment—Assessment Not Merged in Judgment.—The actions authorized by sections 3466 and 3493½ of the Political Code, for the purpose of determining the validity of an assessment, and to secure, as an incident of such determination, an execution in satisfaction thereof, are part of the proceedings for the creation of the assessment. The judgment rendered in such an action merely declares the *status* of the assessment as between the parties, and does not merge some lesser right into the judgment.

Id.—Warrant May be Tendered in Payment Until Levy and Sale Under Execution.—The landowner, against whose property the validity of the assessment had been determined by the judgment in such action, had a right to satisfy the assessment by a payment in the warrants of the district at any time before actual levy and sale under execution.

Id.—Legislature May Determine Method of Payment.—As the reclamation district is a state agency, and the legislature has the power to determine how assessments shall be payable, the district must accept payment as commanded by the legislature.

Id.—Mandamus Lies to Compel Acceptance of Warrant.—Upon the refusal of the board of trustees of the district to accept the warrant in payment of such judgment, *mandamus* lies to compel its acceptance.

Id.—Mandate Will Conform to Tender.—In such a *mandamus* proceeding the court will not direct the acceptance of the warrant in payment of any liability other than that for which it was tendered.

APPLICATION for a Writ of Mandate directed to Reclamation District No. 730 and to the Board of Trustees thereof.

The facts are stated in the opinion of the court.

Hudson Grant, and Black & Clark, for Petitioners.

Arthur C. Huston, and Harry L. Huston, for Respondents.

MELVIN, J.—This is a proceeding in *mandamus* by which petitioners seek to compel the Reclamation District through its officers to accept a certain registered warrant of the district in satisfaction of a judgment whereby an assessment against the land of petitioners was judicially found to be valid and a lien was declared against the said property. The sum due upon the warrant, with accrued interest, exceeds the amount of the judgment including costs of suit, but petitioners offered to pay the equivalent of the costs in money, and to waive the excess of the warrant and interest thereon over the tax as finally determined in the judgment.

The judgment against the petitioners here was entered February 23, 1908. No appeal was taken therefrom, but one was prosecuted to this court from the order denying a motion for a new trial. This was determined in favor of the Reclamation District September 8, 1911. (See *Reclamation Dis't No. 730* v. *Hershey,* 160 Cal. 692, [117 Pac. 904].) While said appeal was pending, the legislature by an amendment to section 3457 of the Political Code, which took effect February 20, 1909 (Stats. 1909, p. 32), provided that "any owner of land in the district may at any time pay any assessment thereon, or any part thereof, with warrants of the district." Under the law as it existed at the time the assessment was declared against the land of petitioners, it was payable in warrants of the district during the thirty days or more in which the assessment-list might remain in the office of the county treasurer. (Pol. Code, sec. 3465.) Petitioners contend that the amendment to section 3457 of the Political Code operated as an extension of the right to make payment in warrants of the district, and that such settlement might be made at any time before actual sale upon execution of the land upon which the lien has been declared. Respondents insist that as the judg-

ment declaring an assessment of a reclamation district to be a lien "must direct that the sale be made for gold and silver coin of the United States" (Pol. Code, sec. 3466), there can be no payment in any other medium; that to apply section 3457 of the Political Code, as amended in 1909 to an existing judgment would be giving it a retroactive effect; and that *mandamus* is not the proper remedy for the relief sought by petitioners, assuming that they are entitled to any such interpretation of the law as that for which they contend. We will consider the last point first.

Before applying for the writ of mandate petitioners had brought the matter before the superior court by appropriate motion. This was denied and petitioners properly object to seeking a writ of mandate from that court which, upon consideration of their motion has refused them the very relief which they seek by this proceeding. A suit in equity would be of doubtful efficacy, and the existence of such a remedy does not bar the right to a writ of mandate. (*Holtum* v. *Greif,* 144 Cal. 527, [78 Pac. 11].) It is the duty of the board of trustees to collect assessments (*Angus* v. *Browning,* 130 Cal. 502, [62 Pac. 827]) and *mandamus* is the proper proceeding to enforce the acceptance by them of a certain medium of payment, if such tender is made lawful by legislative act. It has been held (properly we think) that *mandamus* is the suitable instrumentality by which a state officer may be compelled to accept a state bond coupon which has been made, by law, a medium of payment of state taxes. (*Hartman* v. *Greenhow,* 102 U. S. 672, [26 L. Ed. 271]; *Poindexter* v. *Greenhow,* 114 U. S. 270, [29 L. Ed. 185, 5 Sup. Ct. Rep. 903].) Similarly *mandamus* is available to petitioners for the purpose of compelling the acceptance by the officers of the reclamation district of the warrant which they have offered, provided, of course, that the code section upon which they rely is to be given the construction for which they contend. Let us now examine their position.

They contend that, as the reclamation district is a state agency and as the legislature has the power to determine how assessments shall be payable, the district must accept payment as commanded by the legislature. With this view of the law we entirely agree. Long ago it was settled in California that in levee districts (which for purposes of taxation are exactly

similar to reclamation districts) the tax-collector must accept warrants of the districts in payment of taxes under a statute making such warrants legal tender for that purpose, notwithstanding another section of the same statute providing that all taxes levied by virtue of the act should be paid in gold or silver coin. The statute was interpreted to mean that the taxes were payable either in warrants or money, but that when paid with the latter a particular kind of money should be used. (*Prescott* v. *McNamara*, 73 Cal. 236, [14 Pac. 877].) That case is also a complete answer to the contention of respondents that the warrant offered to them was not acceptable for the reason that others had been registered ahead of it in the treasurer's office. There are numerous authorities holding that it is proper for a state to make its taxes payable in its own obligations. We cite a few of them: *English* v. *Oliver*, 28 Ark. 317; *New Orleans* v. *Clark*, 95 U. S. 644, [24 L. Ed. 521]; *State* v. *Cassard*, 21 La. Ann. 751.

We now come to the more serious questions concerning the applicability of section 3457 to the facts of this proceeding. The lien of the assessment had been declared by the judgment of the superior court before the amendment of section 3457 of the Political Code. Would not the application of that statute to an existing judgment be therefore retroactive? We think not. Long prior to the amendment to said section 3457 this court had declared that the actions authorized by sections 3466 and 3493½ of the Political Code were part of the proceedings for the creation of an assessment. An action under one of these statutes determined as between the district and the landowner the validity of the assessment, awarding, as an incident to such determination if it were in favor of the district, an execution to procure satisfaction of the assessment. As was said in the opinion of this court in *Reclamation District No. 531* v. *Phillips*, 108 Cal. 313, [41 Pac. 336]: "The suit is itself a step in a proceeding to subject the property of a taxpayer to the burden of a tax, and the charge does not become final until the suit is determined against the property-owner. Otherwise it would be a proceeding in which one might be deprived of his property without due process of law." Such a proceeding is *quasi in rem*. (*Reclamation District No. 551* v. *Van Lobel Sels*, 117 Cal. 165, [49 Pac. 131].) As was said in the opinion in that case: Such an action is

"designed as one of the processes to test the legal perfection of an assessment levied by a reclamation district. The property-owner is entitled to a hearing at one time or another upon the question of benefits. (*Reclamation District* v. *Evans,* 61 Cal. 104; *Reclamation District* v. *Phillips,* 108 Cal. 306, [39 Pac. 630, 41 Pac. 335]; *Hagar* v. *Reclamation District,* 111 U. S. 701, [28 L. Ed. 569, 4 Sup. Ct. 663].) Before the passage of section 3493½ of the Political Code he made his showing when action was brought to enforce this assessment. But to obviate difficulties and delays which thus arose, this peculiar proceeding was established. By it is provided a forum before which a property-owner may go and make full proof of his objections to the assessment. The final determination of the court upon the matter may be used by or against him in any future action to collect the tax. Thus it gives the property-owner the hearing to which he is entitled, but provides that such hearing may take place in advance of an action upon the assessment. It is, then, a process of law forming one of the steps by which the lien of a tax is fixed upon property." Such a judgment declares a *status* as between the parties. It does not merge into a judgment some lesser right. What, then, did the legislature mean by the provision that "Any owner of land in the district may *at any time* pay any assessments thereon, or any part thereof, with warrants of the district?" Obviously this language was not meant to apply merely to the thirty days or longer during which the lists remain in the office of the treasurer, for that matter was already covered by section 3465 of the Political Code. Did the privilege of payment in warrants extend only to the date of the commencement of an action to test the validity of the assessment? There is nothing in the broad language of the statute to suggest such a limitation. Was it terminated by the entry of judgment or even by the judgment becoming final? We think not, because a landowner would have no day in court except in the course of that suit. Constitutionally he was entitled to contest that action; otherwise he would be deprived of his property without due process of law. A judgment against him would be the only authoritative declaration that the assessment was free from legal objection. It would still be an assessment—merely that, the judgment serving not to change but only to certify its character. Applying this reasoning to the case at bar we

must conclude that petitioners had the right to satisfy the assessment against their property at any time before actual levy and sale under execution, and this is true notwithstanding the mandate of section 3466 of the Political Code that the decree direct the sale to be made in gold and silver coin, and the money collected to be placed with the county treasurer to the credit of the district. The two sections (3466 and 3457) are easily harmonized upon the principle declared in *Prescott* v. *McNamara*, 73 Cal. 236, [14 Pac. 877].

Notwithstanding their tender of costs in cash and their waiver of their claim under the warrant for any sum in excess of the judgment, petitioners ask us to declare that both the costs and the amount found due under the assessment are payable by the warrant. The answer to this is that the very purpose of this proceeding is to enforce upon the district acceptance of the tender made by petitioners, and we are not required to indulge in speculation regarding our action if some different offer of payment had been made by them.

Let the writ issue as prayed.

Henshaw, J., Lorigan, J., Shaw, J., and Angellotti, J., concurred.