[S. F. No. 13044. In Bank.—January 22, 1929.]

FRANK P. CHRISTOPHEL, as County Treasurer, etc., Petitioner, v. RAY L. RILEY, as Controller, etc., et al., Respondents.

Stephen W. Downey, Downey, Brand & Seymour and Frederick R. Pierce for Petitioner.

U. S. Webb, Attorney-General, and Robert W. Harrison, Chief Deputy Attorney-General, for Respondents.

Devlin & Devlin, *Amici Curiae.*

WASTE, C. J.—Petition for writ of mandate to compel the respondents as controller and treasurer, respectively, of the state of California, to credit petitioner, as treasurer of Sacramento County, with the amount of a certain warrant tendered by a land owner to, and accepted by, petitioner in part payment of Sutter-Butte By-Pass Assessment No. 6, levied upon land owners in the Sacramento and San Joaquin Drainage District.

The Sacramento and San Joaquin Drainage District is a state agency, legally created, and the management and control thereof is vested in the reclamation board of the state of California. On November 6, 1917, the board adopted and determined upon a project known and designated as "Sutter-Butte By-Pass Project Number Six."

By resolution, said board authorized and approved the imposition of an assessment, totaling $8,144,327.33, upon such lands of the drainage district as would be benefited by the contemplated project, and separate assessment lists were duly forwarded to the county treasurer of each county where any of the lands so assessed were situate. This assessment was validated in a proceeding instituted in the superior court of Sutter County, three judges sitting, and the judgment was affirmed by this court. (*In re Sutter-Butte By-Pass Assessment No. 6, etc.*, 191 Cal. 650 [218 Pac. 27].)

A bond issue, with the proceeds of which the reclamation board proposed to defray the expenses of the project for which the assessment had been levied, proving unsuccessful, the legislature authorized the board, in its discretion, to order the cancellation of the issue, and to call for the payment of the assessment whenever it appeared that the bonds had not been sold within a year from their issuance. (Stats. 1919, chap. 520, sec. 54, p. 1111.) In 1927, the legislature passed an emergency measure known as the "Sacramento and San Joaquin drainage district refunding act," in which, among other provisions, it was made the duty of the reclamation board to cancel all proceedings taken in connection with the bond issue relating to project No. 6, and to take certain steps looking to the levying of a supplementary assessment No. 6 upon all the lands within the drainage district. (Stats. 1927, chap. 774, sec. 3, p. 1505.) It was further provided in the act (sec. 13, p. 1509) that any owner or holder of lands within the boundaries of the district whose lands were subject to assessment No. 6 or the supplemental assessment should have the right to present to any officer authorized by law to collect such assessment warrants of the district issued in connection with project No. 6 prior to the effective date of the act, May 26, 1927, and it was made the duty of such officers to accept such warrants in payment, at their face value, plus accrued interest, on account of such assessment.

In accordance with the provisions of these legislative enactments, the reclamation board, on January 25, 1928, made its order canceling all unsold bonds of the Sacramento and San Joaquin Drainage District based upon and secured by the Sutter-Butte By-Pass Assessment No. 6, and directed

the payment of the assessment in semi-annual installments of a specified amount. Thereafter, an owner of certain lands in Sacramento County subject to such assessment tendered to the petitioner, in part payment of his obligation, a warrant of the Sacramento and San Joaquin Drainage District issued in connection with said project No. 6. Petitioner accepted the warrant, together with certain cash, and credited the particular assessment as having been paid. Subsequently, the respondents, in settling accounts with the county treasurer, declined to accept the warrant from petitioner, and this mandamus proceeding was thereupon instituted.

■ The statute makes it mandatory upon the petitioner, as county treasurer, to receive at full face value, and accept in lieu of so much cash, any warrant of the drainage district tendered by a landholder in payment of the assessment on his land. It is the settled law of this state that such a provision is valid. (Hershey v. Reclamation Dist. 730, 162 Cal. 401, 405 [122 Pac. 1074].) ■ The important question for our consideration is whether or not the respondents, state controller and state treasurer, have any duty to perform in the matter. If they have not, no writ should issue, for mandamus lies only to compel the performance of an act which the law specially enjoins as a duty resulting from an office, trust or station. (Code Civ. Proc., sec. 1085.) While this court will go to all reasonable lengths in interpreting the powers vested by the legislature in the ministerial officers of the state, in order to give effect to the laws and subserve the ends of justice, it will not by construction confer upon such officers authority which the legislature has seen fit to withhold. (San Francisco etc. L. Co. v. Banbury, 106 Cal. 129, 135 [39 Pac. 439].) County treasurers are required to "settle with the [state] controller and pay over to the [state] treasurer all moneys in their possession belonging to the state." (Pol. Code, sec. 3865.) ■ Warrants are not money. While, in certain transactions, they may be made to represent money, they are not money. There is not to be found any provision of law in the general statutes relating to the state treasurer which makes it the duty of that officer to accept warrants as cash in settling with county treasurers. The Refunding Act, supra, which makes it the

duty of the county treasurer to accept the warrants as cash at their face value, plus accrued interest, when tendered in payment of the assessments levied in connection with project No. 6, contains no other provision even 're- motely relating to the matter. There seems to have been a clear omission on the part of the legislature to provide for the further disposition of the warrants after their receipt by the county treasurer. The precise situation is well presented by the plea of the attorney-general, representing the respondents here, that, if this court grants the writ prayed for, and compels the state officers to accept this particular warrant in settling with the petitioner, it should go further and tell respondents what to do with the warrant when they have it. We are not inclined to assume that burden. In view of the clear omission of any provision in the Refunding Act declaring what the action of the state officers should be in such a case, we feel the question is one which should be referred to the legislature which is now in biennial session. The matter is one for its consideration rather than for this court.

The petition for the writ is denied.

Shenk, J., Langdon, J., Preston, J., Curtis, J., Richards, J., and Seawell, J., concurred.