262 F.2d 626
 HARSH CALIFORNIA CORPORATION, a corporation, Appellant,
v.
COUNTY OF SAN BERNARDINO, Cal., a body corporate and politic, S. Wesley Break, Daniel Mikesell, Magda Lawson, Paul Young, and Nancy Smith, as members of and constituting the Board of Supervisors of the County of San Bernardino, and Albert E. Weller, County Counsel of the County of San Bernardino, Appellees.
 No. 15991.
 United States Court of Appeals Ninth Circuit.
 December 29, 1958.
 
 Holbrook, Tarr & O'Neil, W. Sumner Holbrook, Jr., Francis H. O'Neill, Jr., Los Angeles, Cal., for appellant.
 Albert E. Weller, County Counsel, J. B. Lawrence, Deputy County Counsel, San Bernardino County, Cal., for appellees.
 Before BARNES, HAMLEY, and HAMLIN, Circuit Judges.
 HAMLEY, Circuit Judge.
 
 
 1
 Harsh California Corporation brought this action against the County of San Bernardino and certain of its public officers to obtain a declaratory judgment and an injunction. Plaintiff sought a declaration that property taxes assessed and levied against the corporation in the amount of $21,388 had been offset under provisions of the National Housing Act, as amended, 12 U.S.C.A. § 1701 et seq., and were therefore not due. The court was also asked to enjoin defendants from doing anything to enforce the tax and to order the named public officers to cancel the tax and assessment.
 
 
 2
 A temporary restraining order and an order to show cause were issued. Defendants then moved to dismiss the action upon the ground that the complaint failed to state a claim upon which relief could be granted. Specific reference was made in this motion to 28 U.S.C.A. § 1341 (Johnson Act), which forbids district courts to enjoin, suspend, or restrain the assessment, levy, or collection of state taxes "where a plain, speedy and efficient remedy may be had in the courts of such State."
 
 
 3
 After hearings on the order to show cause and the motion to dismiss, the trial court entered an order dissolving the temporary restraining order, discharging the order to show cause, and dismissing the action. It was held that the corporation had a plain, speedy, and efficient state remedy, and that therefore, under 28 U.S.C.A. § 1341, relief could not be obtained in federal court. Plaintiff appeals.
 
 
 4
 The facts are not in dispute. The corporation is lessee of tax-exempt land and improvements owned by the United States. This land is located at Barstow Marine Corps Supply Center, Barstow, California. The Barstow Supply Center includes a military housing project for officers, enlisted men, and necessary civilian personnel. The lease and construction of improvements were made pursuant to the provisions of 12 U.S.C.A. § 1748 et seq.
 
 
 5
 Appellee county assessed the corporation's possessory interest in this government property at $427,760 for 1957-58. Taxes were then levied against the leasehold in the sum of $21,388. On August 1, 1957, G. Leon Gregory, as county tax collector, demanded payment of the latter amount on or before August 31, 1957, under threat of seizure and sale of the government lease.
 
 
 6
 Under California law, the corporation's leasehold in this government property is taxable. However, under a 1956 amendment to the Housing Amendments of 1955, it is provided that no taxes or assessments (with an exception not here relevant) on the interest of such a government lessee shall exceed the amount of taxes or assessments on other similar property of similar value, less an amount determined in the manner specified in the amendatory statute.[1] Pursuant to this 1956 enactment, Captain A. D. Hunter, as designee of the Secretary of Defense, proceeded to determine the amount to be so deducted, arriving at a figure of $27,759.
 
 
 7
 Captain Hunter's determination was transmitted to the board of supervisors of appellee county on August 13, 1957. Two days later the corporation made demand upon the board "to give full recognition" to the determination of Captain Hunter. The board was informed by letter that such determination "eliminates the tax against the Barstow Wherry Project for the fiscal year July 1, 1957 to June 30, 1958." Alleging that the county and its officers thereafter failed and refused to cancel the assessment and tax in question "as being erroneous, illegal or void," the corporation then began this action.
 
 
 8
 On this appeal the corporation contends that it does not have a plain, speedy, and efficient remedy in the courts of California. This being so, appellant argues, the Johnson Act, 28 U.S.C.A., § 1341, does not stand in the way of granting injunctive relief. In this connection appellant cites Hillsborough Township, Somerset County, N. J. v. Cromwell, 326 U.S. 620, 66 S.Ct. 445, 90 L.Ed. 358, for the proposition that to negate the application of the Johnson Act it is sufficient to show that there is "uncertainty" surrounding the adequacy of the state remedy.[2]
 
 
 9
 In order to show that there is no adequate state remedy, or to show that there is at least uncertainty as to the adequacy of such a remedy, appellant has undertaken to survey the California statutes which might possibly afford a remedy. The first such possible remedy which is discussed is that of asserting the claimed total deduction by means of a counterclaim or cross-complaint in a suit brought by the county under West's Ann. Revenue and Taxation Code, § 3003, for the recovery of delinquent taxes or assessments.
 
 
 10
 As appellant has correctly stated, the State of California or one of its political subdivisions cannot be sued directly, or indirectly as by setting up a counterclaim, cross-complaint, or setoff, except when this is permitted expressly by statute.[3] We will assume that there is no California consent statute which would permit a taxpayer to file a counterclaim or a cross-complaint in a suit brought by the county under West's Ann. Revenue and Taxation Code, § 3003.
 
 
 11
 In our view, however, a taxpayer's resistance to such a suit, based upon a determination such as was here made by Captain Hunter, would not be asserted by way of counterclaim or cross-complaint. The corporation has no claim against the county, but asserts only that it is entitled to a deduction which was disallowed by the county. In effect, it is contended that the county seeks money beyond that to which it is entitled. Such a contention is in the nature of an affirmative defense and presents no sovereign-immunity problem.
 
 
 12
 The cases cited by appellant do not support a contrary view. In Sunset Oil Co. v. State of California, supra, principally relied upon, the party standing in the place of the taxpayer sought to defend against a claim for unpaid taxes by asserting that taxes incurred in a wholly unrelated transaction had been erroneously assessed and collected. This court correctly identified the defendant's position as that of a counterclaimant or cross-complainant. Effect was therefore properly given to the doctrine of sovereign immunity.
 
 
 13
 In the instant case, however, Captain Hunter's determination pertaining to a particular government leasehold has relevance only with regard to the tax assessed and levied against the same leasehold. Moreover, such determination has no office to serve other than as a deduction from such tax and hence a defense to a suit thereon. It does not, as appellant argues, involve the assertion of a "credit," for a "credit" may be independently asserted and this deduction may not. It follows that the case now before us is not affected by the decision in Sunset Oil Co. v. State of California.
 
 
 14
 Himmelmann v. Spanagel, 1870, 39 Cal. 389, cited by appellant, was an action brought on behalf of a municipality to recover an unpaid assessment for street improvements. Some of the defendants sought to counterclaim for damages sustained when the contractor who performed street grading for which the assessment was imposed deposited earth on defendants' property. It was held that for a variety of reasons, including the doctrine of sovereign immunity, the defendants were not entitled to assert such a counterclaim.
 
 
 15
 A true counterclaim was involved in Himmelmann — a claim which, but for the doctrine of sovereign immunity, could have been advanced in an independent suit as a basis for a monetary recovery. This would not have been possible with regard to the deduction defense which appellant corporation here seeks to assert against the county.
 
 
 16
 Prescott v. McNamara, 73 Cal. 236, 14 P. 877, also cited by appellant, is wholly irrelevant. It did not involve a cross-complaint, counterclaim, or a defense of any nature.
 
 
 17
 We are aware of the fact that the county is not required to resort to a court action to recover the tax in question, and that unless it does so, no defense remedy of the kind we have been discussing may be asserted.
 
 
 18
 Under West's Ann.Revenue and Taxation Code, § 2914, taxes on property which is assessed on the "unsecured roll" (as in this case) may be summarily collected by seizure and sale without judicial action. Appellee county informs us in its brief, however, that this power is seldom exercised, and has never been exercised in cases involving government leaseholds of the kind which this corporation possesses.
 
 
 19
 The only alternative mode of collection is by suit in the state superior court under § 3003, referred to above. Both parties have informed us that this is the mode by which the county has chosen to collect the taxes in question. Such a suit is now in progress. We take the statements in appellee's brief as a representation that it will continue to pursue that remedy and will not attempt to collect this tax by the summary method prescribed in § 2914, noted above.[4]
 
 
 20
 It follows from what is said above that appellant has a plain, speedy, and efficient state remedy by means of an affirmative defense to a suit by the county under West's Ann.Revenue and Taxation Code, § 3003, and that such remedy is now being utilized.
 
 
 21
 Four other possible California remedies are discussed in the briefs. They are: (1) Declaratory relief; (2) payment of the tax under protest and suit for recovery; (3) payment of the tax, followed by the filing of a claim for refund and suit against the county on denial of the claim; and (4) relief in some manner by mandamus, certiorari, or injunction.
 
 
 22
 In view of the conclusion stated above concerning the adequacy of a state remedy in a § 3003 action, it is not necessary to discuss each of these additional possible remedies. It seems appropriate to say, however, that had not the county instituted a suit under § 3003, thus affording a remedy therein, appellant could at least have obtained relief by claim and suit under West's Ann.Revenue and Taxation Code, §§ 5096-5107.
 
 
 23
 Under this procedure, a claim for a refund may be made on the ground that the tax was "erroneously or illegally" collected. This basis for relief accords with the allegations of the complaint. The grievance was there stated to be that the county officials had failed and refused to cancel the local assessment or tax "as being erroneous, illegal, or void. * * *"
 
 
 24
 On this appeal appellant contends (seemingly inconsistently with the quoted allegations in its complaint) that the tax itself is valid, and that the tax collector, under California law, is under a duty to collect it. The corporation recognizes that the federal statute under which the nullifying deduction was determined is "paramount." It argues, however, that this paramount statute does not affect the duties of the tax collector because there is no administrative or judicial mode provided by state statute by which such a deduction may be established.
 
 
 25
 Whether there is an administrative mode provided by state statute we do not undertake to say. We do hold that the tax refund claim procedure provides a judicial mode of obtaining recognition of the deduction. The tax collector must perform his duties not only in accord with state law but also in accordance with valid, paramount federal law. The collection of a tax in disregard of the latter renders such collection illegal. The refund of any tax so collected may therefore be obtained under the state tax refund claim procedure.
 
 
 26
 It is our conclusion that because appellant has a plain, speedy, and efficient state remedy, the Johnson Act, 28 U.S. C.A. § 1341, forbids a federal court to grant injunctive relief in this action.
 
 
 27
 Appellant, however, calls attention to the fact that in this action it sought not only injunctive relief but also a declaratory judgment. It is in fact urged that the gist of the action is declaratory relief, an injunction being sought only as an ancillary remedy. It is argued that since the Johnson Act makes specific reference only to injunctive relief, it does not preclude the granting of a declaratory judgment.
 
 
 28
 In the findings of fact the action is described as being for both kinds of relief, though reference is first made to its injunctive features.[5] Examination of the complaint indicates that this is a correct characterization of the suit. There is no good reason for viewing the injunctive features of the case as ancillary to the declaratory features.
 
 
 29
 In a practical sense, a declaratory judgment favorable to appellant would operate to suspend the collection of the tax in question. It would thus afford about the same relief as the granting of an injunction. These considerations have led federal courts to decline declaratory relief in cases where by reason of the operation of the Johnson Act an injunction has been denied. Thus, in making the judgment of dismissal in this case operative as to both forms of requested relief, the district court was but fulfilling a duty which stemmed from the Johnson Act. See Hillsborough Township, Somerset County, N. J. v. Cromwell, 326 U.S. 620, 623, 66 S.Ct. 445, 90 L.Ed. 358; Great Lakes Dredge & Dock Co. v. Huffman, 319 U.S. 293, 299-301, 63 S.Ct. 1070, 87 L.Ed. 1407.
 
 
 30
 Affirmed.
 
 
 
 Notes:
 
 
 [1]
 Public Law 1020, August 7, 1956, 70 Stat. 1109, 1110, § 511, which reads in part as follows:
 "Section 408 of the Housing Amendments of 1955 is amended by adding at the end thereof the following: `Nothing contained in the provisions of title VIII of the National Housing Act in effect prior to August 11, 1955, or any related provision of law, shall be construed to exempt from State or local taxes or assessments the interest of a lessee from the Federal Government in or with respect to any property covered by a mortgage insured under such provisions of title VIII: Provided, That, no such taxes or assessments (not paid or encumbering such property or interest prior to June 15, 1956) on the interest of such lessee shall exceed the amount of taxes or assessments on other similar property of similar value, less such amount as the Secretary of Defense or his designee determines to be equal to (1) any payments made by the Federal Government to the local taxing or other public agencies involved with respect to such property, plus (2) such amount as may be appropriate for any expenditures made by the Federal Government or the lessee for the provision or maintenance of streets, sidewalks, curbs, gutters, sewers, lighting, snow removal or any other services or facilities which are customarily provided by the State, county, city, or other local taxing authority with respect to such other similar property * * *.'" 42 U.S.C.A. § 1594 note.
 
 
 [2]
 The court there said, 326 U.S. at page 626, 66 S.Ct. at page 449: "* * * Accordingly we conclude that there was such uncertainty surrounding the adequacy of the state remedy as to justify the District Court in retaining jurisdiction of the cause. * * *"
 
 
 [3]
 People ex rel. Department of Public Works v. Buellton Development Co., 58 Cal.App.2d 178, 184, 136 P.2d 793, 796; People ex rel. Board of State Prison Directors v. Miles, 1880, 56 Cal. 401; Sunset Oil Co. v. State of California, 9 Cir., 87 F.2d 972, 974
 
 
 [4]
 We were further told at the oral argument that in the state court suit under § 3003 the corporation presented the deduction matter both as an affirmative defense and by way of cross-complaint. The county interposed a demurrer to the cross-complaint, and this has been sustained. The affirmative defense remains in that case. Counsel for appellees represented at the oral argument before this court that the county will not attack the propriety of presenting the deduction matter as an affirmative defense in the state court action. The county does contest the merits of the defense
 
 
 [5]
 While the order of dismissal refers to the action as one "to enjoin, suspend and restrain the collection of a state tax," the findings of fact indicate that the trial court understood that both kinds of relief were sought